BOWLEE REALTY CORPORATION, Respondent, v. JASON METH, Appellant.*— Judgment reversed upon the law and the facts, with costs, and judgment directed for defendant upon the counterclaim with costs., Under chapter 711 of the Laws of 1893, the State Comptroller had the power of sale of the real property in suit. Any doubt with respect to his power in this regard was dissipated by the enactment of chapter 895 of the Laws of 1895, the curative provisions of which validated the State Comptroller's action in treating the provisions of chapter 711 of the Laws of 1893 as being prospective in their application and, therefore, justify-ing the view that the State Comptroller might properly proceed under chapter 427 of the Laws of 1855 to sell non-resident lands in a county not within the Forest Preserve, delinquent taxes upon which had been returned to him for the year 1892, or for similar taxes charged upon similar lands in years prior to the enactment of chapter 711 of the Laws of 1893. This view is the practical one to entertain under the circumstances. It avoids the public mischief that would

* Motion to dismiss appeal denied, 254 N. Y. ——.

ensue from adopting a contrary view which latter would fail to accord proper respect to the course of conduct followed in good faith by the State Comptroller under a formal opinion of the Attorney-General given to him in 1893, ▇which course in no wise improperly in any material way adversely affects any private interest in the lands falling within the purview of the several statutes enacted by the Legislature respecting the sale of non-resident lands for delinquent taxes. The curative effect of the provisions of chapter 895 of the Laws of 1895 makes inapplicable the doctrine of *Ensign* v. *Barse* (107 N. Y. 329). Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur. Settle order on notice.